Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

KAMILA SOBIROVA,

                          *Plaintiffs*,

           -against-

SALES GILD INC. d/b/a Santa Chiara Caffe,
MERCATO ITALIANO INC. d/b/a Terrone
Pizzeria & Restaurant, CRISTIANO ROSSI
A/K/A CHRISTIANO ROSSI, VINCENZO
GRILLO and ADRIANA DEMARTINO
A/K/A ADRIANA DE MARTINO

                          *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No:** 26-cv-467

        KAMILA SOBIROVA ("Plaintiff(s)") by and through their attorney, Colin Mulholland,

Esq., as against SALES GILD INC d/b/a Santa Chiara Caffe, MERCATO ITALIANO INC. d/b/a

Terrone Pizzeria & Restaurant, CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI , VINCENZO

GRILLO and ADRIANA DEMARTINO A/K/A ADRIANA DE MARTINO (collectively,

"Defendants"), alleges as follows:

## NATURE OF THE ACTION

        1.     Plaintiff is a former employee of Santa Chiara Caffe and Terrone Pizzeria &

Restaurant that were owned and operated by Defendants SALES GILD INC d/b/a Santa Chiara

1

Caffe, MERCATO ITALIANO INC. d/b/a Terrone Pizzeria & Restaurant, CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI , VINCENZO GRILLO and ADRIANA DE MARTINO.

2.     Defendants own, operate, and/or controlled a café and a restaurant located at 52-41 Center Blvd Long Island City, NY 11101 and 52-03 Center Blvd Long Island City, Queens 11101.

3.     Plaintiff KAMILA SOBIROVA was employed by Defendants as a server, prep cook and general laborer.

4.     At all times relevant to this Complaint, Plaintiff(s) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5.     Further, Defendants failed to pay Plaintiff(s) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.     Plaintiff(s) now bring(s) this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff KAMILA SOBIROVA is an adult individual residing Queen County, New York. Plaintiff KAMILA SOBIROVA was employed by Defendants from approximately October 2024 through July 29, 2025.

10.     SALES GILD INC. d/b/a Santa Chiara Caffe is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 52-41 Central Blvd Long Island City, NY 11101.

11.     MERCATO ITALIANO INC. d/b/a Terrone Pizzeria & Restaurant is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 52-03 Central Blvd Long Island City, Queens 11101.

12.     Each SALES GILD INC. d/b/a Santa Chiara Caffe and MERCATO ITALIANO INC. d/b/a Terrone Pizzeria & Restaurant are a closely held corporations operated by Defendants CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI, VINCENZO GRILLO and ADRIANA DE MARTINO.

13.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI is sued individually in her capacity as an officer and/or agent of Defendant Corporation.

14.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

15.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

16.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI had the authority to hire and fire Plaintiff and all other employees.

17.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI directly and personally hired Plaintiff and discharged Plaintiff.

18.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI set Plaintiff's pay rate without a premium for her overtime hours.

19.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI was a person with whom Plaintiff complained about her pay and work related issues.

20.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI set and altered Plaintiff's schedules by setting her entry and exit times.

21.     Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI disciplined and admonished Plaintiff about her work performance such as by verbally admonishing him and controlling work assignments.

4

22.    Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI had the final word on all decisions at the café and restaurant including which executory contracts to enter into for the business, including but not limited to the lease.

23.    Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI physically issued pay to the Plaintiff on pay day.

24.    Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI supervised the operations of the café and restaurant including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performance at the business.

25.    Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI controlled the payroll records and pay practices of the café and restaurant.

26.    Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

27.    Defendant CRISTIANO ROSSI A/K/A CHRISTIANO ROSSI was the person who controlled payroll funds for employees including Plaintiff.

28.    Defendant VINCENZO GRILLO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant is sued individually in her capacity as an officer and/or agent of Defendant Corporation.

29.    Defendant VINCENZO GRILLO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

30.    Defendant VINCENZO GRILLO implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously

5

created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

31. Defendant VINCENZO GRILLO had the authority to hire and fire Plaintiff and all other employees.

32. Defendant VINCENZO GRILLO set Plaintiff's pay rate without a premium for her overtime hours.

33. Defendant VINCENZO GRILLO was a person with whom Plaintiff complained about her pay and work related issues.

34. Defendant VINCENZO GRILLO set and altered Plaintiff's schedules by setting her entry and exit times.

35. Defendant VINCENZO GRILLO disciplined and admonished Plaintiff about her work performance such as by verbally admonishing him and controlling work assignments.

36. Defendant VINCENZO GRILLO had the substantive word on all decisions at the café and restaurant including which executory contracts to enter into for the business, including but not limited to the lease.

37. Defendant VINCENZO GRILLO supervised the operations of the café and restaurant including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performed at the business.

38. Defendant VINCENZO GRILLO controlled the payroll records and pay practices of the café and restaurant.

39. Defendant VINCENZO GRILLO controlled the revenue that came into the business and authorized purchases for inventory and made contracts for work with clients.

6

40.     Defendant VINCENZO GRILLO was the person who controlled payroll funds for employees including Plaintiff.

41.     Defendant ADRIANA DE MARTINO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ADRIANA DE MARTINO is sued individually in her capacity as an officer and/or agent of Defendant Corporation.

42.     Defendant ADRIANA DE MARTINO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

43.     Defendant ADRIANA DE MARTINO implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

44.     Defendant ADRIANA DE MARTINO had the authority to hire and fire Plaintiff and all other employees.

45.     Defendant ADRIANA DE MARTINO had the final word on all decisions at the café and restaurant including which executory contracts to enter into for the business, including but not limited to the lease.

46.     Defendant ADRIANA DE MARTINO supervised the operations of the café and restaurant including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performed at the business.

47.     Defendant ADRIANA DE MARTINO controlled the payroll records and pay practices of the café and restaurant.

48. Defendant ADRIANA DE MARTINO controlled the revenue that came into the business and authorized purchases for inventory and made contracts for work with clients.

49. Defendant ADRIANA DE MARTINO was the person who controlled payroll funds for employees including Plaintiff.

50. Defendants willfully and maliciously failed to keep proper time and pay records in order to thwart Plaintiffs' ability to vindicate their due wages.

## FACTUAL ALLEGATIONS

51. Defendants are associated and joint employers, act in the interest of each other.

52. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

53. Defendants are experienced café and restaurant operators and willfully and maliciously failed to pay Plaintiff correctly as an intentional business practice.

54. Defendants willfully and maliciously failed to maintain proper records in order to hide a paper trail of their wage theft so as to thwart the Plaintiff's ability to vindicate their rights.

55. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

56. Defendants jointly employed Plaintiff(s) and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of each Plaintiff.

57. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

58.     In the years 2024 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

59.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at Santa Chiara Caffe and Terrone Pizzeria & Restaurant, such as coffee, vegetables, potatoes, breads, flour, eggs, milk, meats, beverages, and cleaning supplies, were produced outside the State of New York.

60.     Plaintiff(s) were individually engaged in interstate commerce by virtue of processing of credit card transactions on behalf of the Defendants, inter alia.

*Plaintiff KAMILA SOBIROVA*

61.     Plaintiff KAMILA SOBIROVA was employed by Defendants from approximately October 2024 through July 29, 2025.

62.     Throughout her employment with defendants, Plaintiff KAMILA SOBIROVA was employed at 52-41 Central Blvd Long Island City, NY 11101 and 52-03 Central Blvd Long Island City, Queens 11101 as a server, prep cook and general laborer.

63.     Plaintiff KAMILA SOBIROVA regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

64.     Plaintiff KAMILA SOBIROVA's work duties required neither discretion nor independent judgment.

65.     Plaintiff KAMILA SOBIROVA regularly worked in excess of 40 hours per week.

66.     From approximately October 2024 through July 29, 2025, Plaintiff KAMILA SOBIROVA typically worked the following typical schedule for an average of 66 hours per week:

9

a.  Mondays: From between 6:00 A.M. until between 3:30 P.M. and 5:00 P.M.

b.  Tuesday: Typical Day Off

c.  Wednesday: From between 6:00 A.M. until between 3:30 P.M. and 5:00 P.M.

d.  Thursday: From between 6:00 A.M. until between 3:30 P.M. and 5:00 P.M.

e.  Friday: From between 6:00 A.M. until between 3:30 P.M. and 5:00 P.M.

f.  Saturday: From between 6:00 A.M. until between 3:30 P.M. and 5:00 P.M..

g.  Sunday: From between 6:00 A.M. until between 3:30 P.M. and 5:00 P.M.

67.    Plaintiff typically worked at Terrone Pizzeria in the morning from 6:00 A.M. to 8:00 A.M. preparing food to be brought from Terrone to Santa Chiara.  She typically worked most of her shift at Santa Chiara.

68.    Defendants paid Plaintiff KAMILA SOBIROVA the following hourly rates without an overtime premium for hours worked over 40:

a.  October 2024 through November 2024: $13.00

b.  December 2024 through February 2025: $15.00

c.  March 2025 through July 2025: $13.00

69.    Defendants failed to pay her at all for her last two weeks of employ.

70.    No notification was given to Plaintiff regarding overtime and minimum wages under the FLSA and NYLL.

71.    Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

72.    Defendants never provided Plaintiff KAMILA SOBIROVA, any notice in English and in Spanish (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

10

73.    Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing her to suffer the prolonged underpayment of wages by the Defendants.

74.    Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document their income and employment history.

75.    Defendants paid Plaintiff in a mixture of cash and check in order to hide their wage violations.

### Defendants' Failure to Comply with the Tip Credit Rules and Regulations

76.    Defendants at all relevant times failed to honor all of the requirements necessary to apply the tip credit to Plaintiff's wages.

77.    Defendants at all relevant times failed to honor all of the requirements necessary to apply the tip credit to Plaintiff's wages.

78.    Defendant failed to give proper written notice or any proper notice that the Defendants intended to diminish her wages based on her receipt of tips.

79.    Defendants routinely required Plaintiff to spend more than 20% of her shift time or two hours within a day, performing non-tipped duties such as counting inventory, travelling to other restaurant locations to obtain supplies for the day, storing supplies, cleaning, helping with food prep and other items in the restaurant, stocking inventory and supplies delivered by vendors and more.

### TIP THEFT

80.    Defendants routinely shared customer gratuities with managers and owners.

81.    Defendants pooled cash tips but did not remit all of the credit card tips to Plaintiff

or other employees as a matter of policu.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82.  Plaintiff(s) repeat(s) and realleges(s) all paragraphs above as though fully set forth herein.

83.  Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

84.  Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85.  Plaintiff(s) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

86.  Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

87.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

88.  At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89.  Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90. Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91. Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92. Plaintiff(s) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

93. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

94. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

95. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96. Plaintiff(s) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

97. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

98. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

99.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

100.    Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

101.    Plaintiff(s) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

102.    Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

103.    Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

104.    Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

105.    Plaintiff(s) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

106.    Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

107.    Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108.    Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

109.    Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

110.    With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.    Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff(s);

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against

wages;

(i)　　Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j)　　Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)　　Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)　　Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m)　　Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(n)　　Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(o)　　Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p)　　Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)　　All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

17

Dated:  Astoria, New York
       January 27, 2026

By:    */s/ Colin Mulholland*
       Colin Mulholland, Esq.
       36-36 33rd Street, Suite 308
       Astoria, New York 11106
       Telephone: (347) 687-2019
       *Attorney for Plaintiff(s)*